This is an action brought by the appellee against appellant for damages for personal injuries sustained by her as a passenger upon one appellant's trains through the negligence of its employes in charge of said train.
The case was tried before a jury and the appellee recovered a judgment for $1500, from which the railroad company has appealed.
Conclusions of Fact. — On November 24, 1896, the appellee, Miss Willie Gilmer, was and had long prior thereto, through physical disabilities, been unable to walk or take care of herself. On the date aforesaid, her helpless condition being then known to the conductor of one of appellant's passenger trains, she was by him voluntarily received and carried in his arms and seated in said train as a passenger to be carried from the station. Troupe to Conroe. At the time appellee was so received *Page 681 
upon said train as a passenger, she had a servant accompanying her on the trip who was unable to carry her on or off the train, which fact was known to appellant's conductor at the time he voluntarily received and placed her as a passenger upon his train. When the train reached Palestine, a station on appellant's road between Troupe and Conroe, its conductors were changed, appellee still being a passenger thereon. The conductor who took charge of the train at Palestine knew of appellee's helpless condition, and he had as a conductor of appellant, when she was a passenger, on previous occasions carried her in his arms from his train when she reached her destination, and he was told by her before arriving at Conroe that he would have to help her off the train when it reached there, and he then promised to render her such assistance.
There is no controversy about the facts thus far found.
When the train reached Conroe, its conductor took appellee in his arms for the purpose of carrying her off the train, and started towards the narrow door in the partition which divided the car in two sections, when appellee told him that she could not be carried through that door, and requested him not to do so, but regardless of her request, he carried her through said door in great haste, and while doing so her arm struck the door facing with great force, and was broken just above the wrist, which caused her great pain, physical and mental suffering, and the loss of the use of her right hand. The act of the conductor in hurriedly carrying said appellee through said narrow door was negligence which was the proximate cause of her injury, unmixed with any negligence on her part contributing to it.
The appellee, not knowing her arm was broken and believing that the extent of her injury was a sprain in her wrist, failed to procure the treatment of a physician or surgeon until twelve days after the occurrence of the injury, and when the services of a physician or surgeon were procured, he could not successfully treat her wound and restore the use of her hand as might have been done had his services been procured immediately after the occurrence of the accident. The damages sustained by appellee by reason of the negligence before stated of appellant's conductor, independent of such aggravation of her injuries as might have been occassioned by her failure to promptly procure medical and surgical attention, are $1500.
Conclusions of Law. — Under the peculiar facts in this case it was not error in the trial court to exclude evidence offered by appellant to prove that it was no part of the conductor's duty to it, under his employment, to carry passengers on and off its trains. Nor to instruct the jury at its request, that "if the evidence fails to show that it was the duty of the conductor of defendant company under his employment to carry disabled passengers off the train, then defendant would not be liable for his negligence in carrying plaintiff off the train." A railroad company is not bound to turn its cars into nurseries or hospitals, or its employes into nurses, if a passenger because of his physical infirmities is unable to *Page 682 
take care of himself, who ought to be provided with an attendant to take care of him. But if the company voluntarily accepts a person as a passenger unattended by a servant capable of taking care of and rendering him necessary assistance, whose inability to care for himself is apparent or made known to its servants when he is accepted as a passenger, and renders special care and assistance necessary, the company is negligent if such assistance is not afforded. In such case it must exercise a degree of care commensurate with the responsibility which it has thus voluntarily assumed, and such care must be such as will reasonably insure the safety of the passenger in view of his physical condition. This is a duty required by law, as well as the dictates of humanity. Croom v. Railway, 53 N.W. Rep., 11; 28 Law. Rep. Am., 602; Weightman v. Railway, 19 Law. Rep. Am., 671.
The appellant, through its servants in charge of its train, having accepted the appellee as a passenger, with knowledge of her physical infirmities, and that such infirmities rendered her incapable of locomotion, and knowing that her attendant was not capable of carrying her from the train, assumed the duty of using such care as it had at its command as would reasonably insure her safe carriage to the point of her destination, and there to use the greatest care and assistance through such means as it had at its command, to safely carry her from the train. Its failure to discharge this duty was negligence, and it became responsible to her for such damages as proximately flowed from the breach of its duty.
As the facts, which show that she was received by appellant as a passenger with knowledge of her physical infirmities, and that she would necessarily require to be safely carried from the train when she reached her destination, are uncontroverted, the only questions as to appellant's liability were as to whether its conductor in carrying her from the train used the proper care to insure her safety, and if he did not use such care, whether his failure to do so was the cause of her injuries, and if her injuries were caused by such failure, what damages did she sustain? These questions were properly submitted in an appropriate charge to the jury, and as the evidence is sufficient to sustain their verdict in her favor, we are not authorized in disturbing it.
The judgment of the District Court is therefore affirmed.
Affirmed.
Writ of error refused. *Page 683